UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WAYNE NICOLAISON,

Petitioner,

v.

RICK HARRY,

Respondent.

Civil No. 01-2381 (RHK/JMM)

ORDER

On December 26, 2001, Petitioner filed a petition for writ of habeas corpus claiming that he is being unlawfully incarcerated at the Minnesota Psychopathic Personality Treatment Center in Moose Lake, Minnesota.

The Respondent is directed to make a return in writing on or before January 25, 2002, certifying the true cause of Petitioner's detention and showing cause why the writ should not be granted.

The return shall be filed with the Court and shall include:

1) Such affidavits and exhibits as are needed to establish the lawfulness of Petitioner's confinement;

2) A reasoned memorandum of law and fact fully stating Respondent's legal position and recommendation as to the need for this Court to conduct an evidentiary hearing on the merits of the petition in the light of statutory requirements and other pertinent authority;

3) Certified copies of any state court records or other written materials that may be relevant to the issues raised in the petition.

FILED JAN 04 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Respondent's return should specifically address the issue of whether all of Petitioner's current constitutional claims have been fairly presented to, and decided on the merits by, the Minnesota Supreme Court, and if not, whether there are any state court remedies still available for any such claims that have not been so presented and decided.

The Court will entertain a motion to grant the relief requested in the Petition if a written response is not filed by January 25, 2002, as required by this Order.

Also before the Court at this time is Petitioner's motion for appointment of counsel. (Docket No. 3.) Indigent prisoners do not have a constitutional or statutory right to counsel in civil cases, including habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the petitioner to present his claims, the complexity of the legal issues and whether both the petitioner and the court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears to this Court that Petitioner has the threshold ability to articulate his claims and present his arguments in support of such claims. Moreover, the Court concludes that appointment of counsel would not substantially benefit the Court or Petitioner. Petitioner's request for counsel will therefore be denied.

Finally, Petitioner has filed an "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 2), by which he seeks leave to proceed in forma pauperis ("IFP"). Based on the financial information provided in Plaintiff's IFP application, the Court finds that he is eligible for IFP status. His IFP application will therefore be granted.

Based on the foregoing, and all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent shall file a written return to Petitioner's habeas corpus petition, consistent with the terms of this order, by January 25, 2002.

2. Petitioner's motion for appointment of counsel, (Docket No. 3), is DENIED; and

3. Petitioner's "Application to Proceed Without Prepayment of Fees and Affidavit," (Docket No. 2), is GRANTED.

Dated: January 4, 2002

JOHN M. MASON
United States Magistrate Judge