UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

WAYNE NICOLAISON,

Petitioner,

v.

RICK HARRY,

Respondent.

Civil No. 01-2381(RHK/JMM)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) Respondent has filed a response, (Docket Nos. 9-11), arguing that Petitioner's application should be denied, because he failed to exhaust his state court remedies.

These proceedings have been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, the Court finds that Petitioner's habeas petition must be dismissed due to non-exhaustion, and because it is a "successive petition," which cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals.

**I. BACKGROUND**

In 1980, Petitioner raped a woman and was sent to prison. By 1984, he had been released from prison, he had raped another woman, and he had been sent back to prison again. While serving his second sentence, he harassed female prison guards and refused to participate in any sex offender treatment programs.

FILED MAR 2 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

When Petitioner was nearing the end of his second prison term, the State initiated civil commitment proceedings against him under Minnesota's "Psychopathic Personality" statute. Minn.Stat. § 526.09-10.[1] A state district court heard the matter and concluded that Petitioner was indeed a Psychopathic Personality and should be

---

[1] The Eighth Circuit Court of Appeals has explained that –

> "Section 526.09 defines 'psychopathic personality' as 'the existence in any person of such conditions of emotional instability, or impulsiveness of behavior, or lack of customary standards of good judgment, or failure to appreciate the consequences of [personal] acts, or a combination of any such conditions, as to render such persons irresponsible for [personal] conduct with respect to sexual matters and thereby dangerous to other persons.' Soon after the statutes' enactment, the Minnesota Supreme Court narrowly construed the statutes as only applying to persons who display: (1) a 'habitual course of misconduct in sexual matters' and (2) 'an utter lack of power to control their sexual impulses' so that (3) the persons will likely 'attack or otherwise inflict injury, loss, pain or other evil on the objects of their uncontrolled and uncontrollable desire.' State ex rel. Pearson v. Probate Court of Ramsey County, 205 Minn. 545, 287 N.W. 297, 302 (1939), aff'd, 309 U.S. 270... (1940)....
>
> Minnesota's psychopathic personality statutes have withstood many constitutional challenges. The Minnesota Supreme Court in Pearson held the statutes are not unconstitutionally vague under the court's narrowing construction. Pearson, 287 N.W. at 302-03. The United States Supreme Court affirmed, and also rejected an equal protection challenge. 309 U.S. at 273-74.... More recently, the Minnesota Supreme Court held the statutes as construed in Pearson do not violate substantive due process. In re Blodgett, 510 N.W.2d 910, 914-16 (Minn.) (en banc), cert. denied, 513 U.S. 849... (1994). We have also confirmed the statutes' facial constitutionality. Bailey v. Gardebring, 940 F.2d 1150, 1153 (8th Cir.1991), cert. denied, 503 U.S. 952... (1992).

Nicolaison v. Erickson, 65 F.3d 109, 110-11 (8th Cir. 1995); cert. denied, 516 U.S. 1125 (1996).

institutionalized for treatment. Therefore, when Petitioner reached the end of his second prison term in 1992, he was not released from state custody. Instead, he was civilly committed to a state sex offender program, and he was kept in state custody. Petitioner has been confined by the state for the past ten years, and there is no reason to believe that he will be released in the foreseeable future.

Petitioner appealed his original civil commitment order to the Minnesota Court of Appeals, but his arguments were rejected. In the Matter of Nicolaison, No. C1-92-613 (Minn.App. 1992), 1992 WL 160843 (unpublished opinion). The Minnesota Supreme Court later denied his request for further review.

Petitioner then filed a habeas corpus petition in this federal district court, claiming that his commitment under the Psychopathic Personality statute violated his federal constitutional right to substantive due process. (Nicolaison v. Erickson, No. 3:92cv756, [hereafter "Nicolaison I"].) Petitioner's first federal habeas petition was denied on the merits and with prejudice, and Petitioner appealed. The Eighth Circuit Court of Appeals reviewed Petitioner's claims, and concluded that his commitment under the Minnesota Psychopathic Personality statute did not violate due process. Nicolaison v. Erickson, 65 F.3d 109, 111 (8th Cir. 1995) ("[h]aving reviewed the constitutionality of Nicolaison's state confinement de novo, we affirm the district court's denial of Nicolaison's habeas petition"), cert. denied, 516 U.S. 1125 (1996).

The Minnesota statutes under which Petitioner is currently confined permit committed individuals (such as Petitioner) to seek release by filing a discharge petition. Petitioner filed such a petition in 1994, but his petition was denied. He appealed again to the Minnesota Court of Appeals, but the appellate court agreed that his discharge petition

had been properly denied. Nicolaison v. Gomez, No. C3-95-2586 (Minn.App. 1996), 1996 WL 208432 (unpublished opinion). The State Supreme Court summarily denied Petitioner's request for further review on July 10, 1996. Id.

Later in 1996, Petitioner again challenged his civil commitment, this time by filing a habeas corpus petition in state court. Petitioner's state habeas petition was denied, and his subsequent appeals in the matter were rejected as well. In 1998, Petitioner filed another discharge petition, which also was unsuccessful.

Petitioner filed his third discharge petition in 2000, contending that he met the statutory requirements for release. That contention was rejected, however, at every step of the discharge petition review proceedings. Those proceedings ended on November 26, 2001, when the Minnesota Supreme Court declined to review Petitioner's latest discharge petition.

On December 26, 2001, Petitioner filed his current federal habeas corpus petition. The petition lists four grounds for relief: (1) that Petitioner's "confinement/continued confinement violates the 1st Amendment;" (2) that Petitioner's "confinement/continued confinement violates the 5th and 14th Amendment[s] to the United States Constitution of Due Process of Law;" (3) that Petitioner's "confinement violates [the] 'Double Jeopardy' [clause] of the United States Constitution;" and (4) that "Petitioner's confinement violates the Equal Protection Clause of the 14th Amendment."

Respondent has correctly pointed out that none of Petitioner's current constitutional claims were presented to the Minnesota state courts in his most recent discharge petition. As a result, Respondent contends, Petitioner has failed to exhaust his state court remedies, and his current habeas petition should be summarily dismissed. See

28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).

Respondent's non-exhaustion argument is certainly well-founded. Federal law clearly requires habeas petitioners to present their constitutional claims to the state courts before bringing them into federal court; and the record from Petitioner's most recent discharge petition proceedings clearly demonstrates that he did not raise any of his current constitutional claims in the state courts. Therefore, the petition should be dismissed by reason of Petitioner's failure to exhaust his state remedies.

In reviewing this matter, it appears that there is an even more elemental problem in this case that cannot be overlooked. Petitioner has already filed a previous federal habeas corpus petition challenging his current state confinement. The Court must therefore consider whether the present petition must be dismissed pursuant to the rules governing "second or successive" petitions.[2] For the reasons discussed below, the Court concludes that the instant petition is indeed a successive petition, and that this action must therefore be summarily dismissed for lack of jurisdiction, in the absence of permission from the Court of Appeals.

---

[2] Fed. R. Civ. P. 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 493 (8th Cir. 1991). "'Federal subject matter jurisdiction may be raised at any time during litigation and it must be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking.'" Alumax Mill Products, Inc. v. Congress Financial Corp., 912 F.2d 996, 1002 (8th Cir. 1990), quoting Hughes v. Patrolmen's Benevolent Ass'n of City of New York, Inc., 850 F.2d 876, 881 (2d Cir.), cert. denied, 488 U.S. 967 (1988) (emphasis added). Thus, the Court is required to address and resolve the jurisdiction issue presented in this case, even though that issue has not been specifically raised by the parties.

## II. DISCUSSION

### A. Failure To Exhaust State Court Remedies

It is well established that a federal court will not entertain a petition for a writ of habeas corpus filed by a person in state custody unless the petitioner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan, supra; Rose, supra. This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state detainees. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a habeas petitioner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Furthermore, the petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- will be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

A federal habeas claim is not deemed to be exhausted unless the constitutional dimension of the claim has been fairly presented to the state courts. As the Supreme Court pointed out in Duncan, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact

that the prisoners are asserting claims under the United States Constitution." 513 U.S. at 365-66. In other words, if a state prisoner claims "that his incarceration violates federal law, 'he must say so, not only in federal court, but in state court.'" Wyldes v. Hundley, 69 F.3d 247, 251 (8th Cir. 1995), cert. denied, 517 U.S. 1172 (1996), quoting Duncan, supra.

In this case, not one of Petitioner's current constitutional claims was fairly presented to, or addressed by, any Minnesota state court during the course of Petitioner's latest discharge petition proceedings. In the state courts, Petitioner argued only that he satisfies the state statutory requirements for release from his Psychopathic Personality commitment. The record from the latest state court proceedings, (see Docket Nos. 11 and 13), shows that he did not raise any constitutional arguments in his discharge petition. He certainly did not "fairly present" the four specific constitutional arguments listed in his current habeas petition. Because his current constitutional claims were not fairly presented in the state court proceedings that he is now asking the federal court to review, Petitioner has not satisfied the exhaustion of state remedies requirement. His current petition must therefore be dismissed for non-exhaustion.[3]

---

[3] As Respondent has correctly noted, Petitioner cannot seek federal habeas review of any constitutional claims that he may have raised in any of his earlier state court proceedings, (i.e., any of the proceedings that preceded his latest discharge petition proceedings), because of the statute of limitations. 28 U.S.C. § 2244(d)(1) generally requires state detainees to seek federal habeas review of state court judgments within one year after the judgment becomes final. The judgment that caused Petitioner to be committed as a Psychopathic Personality became final when the Minnesota Supreme Court refused to review that judgment back in 1992. The judgments in Petitioner's first two discharge petition proceedings, and in his state habeas corpus proceeding, also became final well over a year before the current petition was filed. Therefore, Petitioner is now time-barred from seeking federal habeas review of any claims other than those raised in his latest discharge petition.

B. Limitations On Successive Petitions

28 U.S.C. § 2244(b) limits the number of habeas corpus petitions that can be filed by individuals in state custody.[4] Section 2244(b) contains the following substantive provisions:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

There are also procedural requirements in subdivision (3)(A):

---

[4] Section 2244(b) became part of the federal habeas statutes when the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), was enacted in 1996. Because the instant petition was filed after AEDPA's enactment, it is subject to the AEDPA limitations on successive petitions -- even though Petitioner's first habeas petition was filed (and decided) before AEDPA was enacted. Vancleave v. Norris, 150 F.3d 926, 927 (8th Cir. 1998); Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999); Chadwick v. Graves, 110 F.Supp. 2d 1110, 1115 (N.D.Iowa 2000).

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application...."

Section 2244(b) establishes two basic rules. First, successive habeas corpus petitions cannot be entertained unless they assert claims that are based on either new constitutional principles or new evidence that was previously unavailable. Second, federal district courts cannot entertain successive petitions, even if they are based on new constitutional principles or new evidence, without pre-authorization from the appropriate court of appeals. Indeed, federal district courts do not have subject matter jurisdiction over successive petitions that have not been pre-authorized by the court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001); Lopez v. Douglas, 141 F.3d 974, 975-76 (10th Cir.), cert. denied, 525 U.S. 1024 (1998); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion).

Our Court of Appeals has recognized that § 2244 does not define "second or successive petition," and that it is therefore necessary to look to federal case law to ascertain the meaning of that term. Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001). "[I]t is generally acknowledged," the Court said in Crouch, "that the interpretation of 'second or successive' involves the application of pre-AEDPA abuse-of-the-writ principles." Id. According to those principles, "'a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ.'" Id. at 724, quoting In re Cain, 137 F.3d 234, 235 (5th Cir. 1998).

In Crouch, the Court of Appeals considered whether a state prisoner could challenge the constitutionality of his parole proceedings (or lack thereof) in a federal habeas petition, even though he had filed an earlier habeas petition challenging his underlying state criminal conviction. The Court concluded that a second application for habeas relief would not be a "successive petition," because the petitioner "could not have raised his parole-related claims in his first habeas petition." 251 F.3d at 724.

In Pennington v. Norris, 257 F.3d 857, 858 (8th Cir. 2001), the Court reiterated that a "parole denial claim isn't 'second or successive,'" just because the petitioner was denied relief in an earlier habeas action challenging his original conviction and/or sentence. However, the Court further held that while a state prisoner can file a second habeas petition challenging a parole denial, (without pre-authorization from the circuit court), he cannot use that second petition to present claims that were, or could have been, raised in his original habeas case. A new habeas petition challenging a parole denial cannot include claims that pertain to the conviction or sentence at issue in a prior petition, because those additional claims would be "successive claims." If a petitioner files a new petition that raises pure parole denial claims, and he also mixes in successive claims that require circuit court pre-authorization, the district court can entertain only the former claims, and not the latter. The Court of Appeals concluded in Pennington that "a prisoner who raises habeas claims that require § 2244(b) authorization, mixed with claims that do not, should be given the option of seeking authorization from the court of appeals for his 'second or successive' claims, or of amending his petition to delete those claims so he can proceed with the claims that require no authorization." Id. at 859.

Crouch and Pennington inform this Court's analysis of the present petition. Petitioner's initial habeas petition in Nicolaison I, challenging his original Psychopathic Personality commitment, is analogous to the first habeas petitions in Crouch and Pennington, which challenged the petitioners' original state criminal convictions. Petitioner's current habeas petition, following the denial of his latest discharge petition, is analogous to the new petitions at issue in Crouch and Pennington, which followed the petitioners' parole denials. Therefore, if Petitioner's present habeas claims pertained only to his latest discharge petition proceedings, they would not be "successive claims," and they could be entertained, without circuit court approval, pursuant to the principles discussed in Crouch and Pennington. Likewise, if Petitioner's current petition were a "mixed petition," like the one in Pennington, then the Court would have to give Petitioner an opportunity to voluntarily dismiss his "successive claims," (i.e., any claims pertinent to his original Psychopathic Personality commitment), and to proceed only on the new claims pertaining exclusively to his latest discharge proceedings.

In fact, however, this case is different from both Crouch and Pennington, because none of the grounds for relief listed in the present petition is pertinent only to Petitioner's latest discharge proceedings. Instead, it is clear that all of Petitioner's current habeas claims are successive claims, because all of them are pertinent to his original Psychopathic Personality commitment, and all of them could have been raised in his first habeas petition. Each of Petitioner's current claims directly challenges the constitutionality of his Psychopathic Personality commitment, and each of those claims was known (or knowable) when he filed his first habeas corpus petition. It follows that each of the four grounds for relief listed in the current petition – the First Amendment claim, the Due

Process claim, the Double Jeopardy claim, and the Equal Protection claim – could have been, and should have been, raised in Nicolaison I. Thus, all four of Petitioner's current claims for relief are, in fact, successive habeas claims.

28 U.S.C. § 2244(b)(3)(A) clearly indicates that a federal district court cannot entertain a successive petition unless the petitioner has first filed a motion in the court of appeals seeking permission to file another habeas petition, and the court of appeals has entered an order granting such permission. Since Petitioner has made no such motion, nor received such an order authorizing this Court to consider his current habeas petition, we are barred by subdivision (3)(A) from doing so.

## III. CONCLUSION

It is recommended that this action be summarily dismissed for lack of subject matter jurisdiction for two reasons. First, none of Petitioner's current constitutional claims for relief was raised in his most recent state court proceedings, so none of his current claims has been exhausted. (Furthermore, Petitioner cannot presently ask the federal court to review any of his earlier state court proceedings -- in which he may have raised constitutional claims -- because federal habeas review of those earlier proceedings is now barred by the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d)(1).) In addition, the instant petition presents only successive claims, and it must be viewed as a successive petition. The Court of Appeals has not entered an order that allows Petitioner to file a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A). Therefore, the instant petition cannot be entertained here.

Finally, Petitioner has filed a "renewed" motion for appointment of counsel, (Docket No. 7), which is currently pending. If Petitioner's habeas corpus application could

properly be addressed on the merits, his motion for appointment of counsel might warrant greater consideration. However, given the Court's determination that this action must be summarily dismissed based on both the exhaustion of state remedies requirement and the rules limiting successive petitions, it is recommended that Petitioner's request for appointment of counsel be denied.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

(1) Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily dismissed for lack of jurisdiction; and

(2) "Petitioner's Renewed Motion For Appointment Of Counsel," (Docket No. 7), be denied.

Dated: March 22, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before April 5, 2002, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.